## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| FCI USA, INC. and FCI AMERICAS | § | |
| TECHNOLOGY, INC., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06-CV-128 (TJW) |
| | § | |
| TYCO ELECTRONICS CORPORATION, | § | |
|     Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Tyco Electronics Corporation's ("Tyco") Motion to Dismiss FCI's trade secret claims and compel arbitration.  (2:06-CV-128)  Having considered the parties' written submissions, the Court GRANTS the motion in part with respect to compelling arbitration and DENIES the motion in part with respect to dismissing the claims.  The Court will stay FCI's trade secret claims pending the completion of the arbitration.

## I. BACKGROUND

In this case, FCI sued Tyco claiming patent infringement of U.S. Patent Nos. 6,976,886, 6,988,982, and 6,944,569.  FCI also asserts federal and common law claims for trade secret misappropriation, unfair competition, and trademark infringement.  Tyco and FCI are competitors.

On August 30, 2002, Tyco and FCI entered into a "Strategic Alliance Agreement" ("Agreement"), which sets forth terms whereby the two companies were to combine skills and efforts to introduce new Mezzanine and Backplane products to market.  The Agreement contains various sections including, inter alia, the duties and responsibilities of each party for patentable joint inventions, liability limitations, licensing limitations, marketing requirements, and fees paid by the

parties.  The contract also has an arbitration clause–the focus of this motion–which provides:

> If a dispute arises with respect to a matter involving a term of this Agreement or as specifically proscribed elsewhere in this Agreement, the parties agree to submit the dispute to a sole mediator selected by the parties or, at any time at the option of a party, to mediation by the American Arbitration Association ("AAA").  If not thus resolved, it shall be referred to a sole neutral arbitrator selected by the parties within thirty (30) days of the mediation, or in the absence of such seletion to AAA arbitration which shall be governed by the Federal Arbitration Act.

Also relevant is a section of the agreement titled "Confidential Information" which contains various responsibilities of both parties with respect to information exchanged between the parties. Clause B of the "Confidential Information" section reads "The parties understand and agree that any Confidential Information is to be used by the receiving party only in its performance of this Agreement . . ."

Tyco now moves to dismiss FCI's misappropriation of trade secret claims in this case and compel arbitration per the arbitration clause in the Agreement.  FCI asserts that because the trade secret claims are tort claims, they fall outside the scope of the arbitration agreement.  For the reasons discussed below, the Court agrees with Tyco.

## II.  APPLICABLE LAW

Under the Federal Arbitration Act, arbitration agreements are "valid, irrevocable, and enforceable" unless there are grounds to revoke the contract.  9 U.S.C. § 2. There is a strong federal policy favoring arbitration.  Neal v. Hardee's Food Sys., Inc., 918 F.2d 34, 37 (5th Cir. 1990). When deciding whether to compel arbitration, the Court must decide whether the arbitration agreement is valid, and if the dispute in question falls within the scope of the agreement.  Pennzoil Exploration

and Prod. Co. V. Ramco Energy Ltd., 139 F.3d 1061.  The Supreme Court held that arbitration clauses should be enforced unless it can be stated "with positive assurance" that the arbitration clause does not cover the dispute.  AT&T Techs., Inc. v. Commc'ns Workers, 475 U.S. 643, 650 (1986). The parties do not disagree that the arbitration clause in the Agreement is valid.  Thus, this Court will only consider whether the trade secret claims fall within the scope of the arbitration clause.

When a court compels arbitration of claims, the Federal Arbitration Act provides for a stay of those claims.  9 U.S.C. § 3 (2006).  The Court can, however, at its discretion dismiss the claims. See Fedmet Corp. v. M/V Buyalyk., 194 F.3d 674, 676 (5th Cir 1999).


### III.  TRADE SECRET CLAIMS WITHIN THE SCOPE OF THE AGREEMENT

FCI argues the arbitration clause is of limited scope because it applies only to claims "involving a term" of the Agreement.  FCI also contends that because the misappropriation of trade secrets claim is a tort, it falls outside of the scope the arbitration agreement.  To support its argument FCI relies on Tracer Research Corp. v. National Envtl. Servs. Co., 42 F.3d 1292 (9th Cir. 1994) and Strick Corp. v. Cravens Homallowy (Sheffield) Ltd., 352 F. Supp. 844 (E.D. Pa. 1972).  FCI's reliance on these cases is misplaced.

In Tracer the Court analyzed whether a misappropriation of trade secrets claim was within the scope of an arbitration clause in a licensing agreement between the plaintiff and defendant.  Tracer, F.3d at 1295.  The Court held that the misappropriation of trade secrets claim did not involve the contract at all, and the alleged tort occurred after termination of the agreement.  Id.

The Strick Court was also dealing with an arbitration clause in a licensing agreement.

Strick, 352 F. Supp. at 845.  The Court held the narrow arbitration clause subjecting disputes "arising between the parties . . concerning the . . . performance of [the] agreement" in the agreement did not govern *all* disputes between them.  Id. at 847-48. The plaintiff's tort claim was not related to the licensing contract, therefore was not within the scope of the arbitration agreement.  Id.

The case at bar is different from both Strick and Tracer.  Here, the parties agreed to a strategic relationship and contracted for the responsibilities and duties of each party in the relationship.  It is therefore of a different character than a licensing agreement.

The Fifth Circuit has specifically addressed when tort claims are covered by arbitration agreements.  See Harvey v. Joyce, 199 F.3d 790, 795 (5th Cir. 2000); Ford v. NYLCare Health Plans of Gulf Coast, Inc., 141 F.3d 243, 250 (5th Cir. 1998).  The Court's inquiry "is not guided by the legal labels attached to the plaintiffs' claims; rather, it is guided by the factual allegations underlying those claims."  Harvey, 199 F.3d at 795.  The test in the Fifth Circuit to determine if a tort claim is covered by an arbitration agreement in a contract is whether the tort is "so interwoven with the contract that it could not stand alone."  Ford, 141 F.3d at 250.

In the Agreement before this Court, the parties included a clause that covered the use of confidential information exchanged.  The plaintiff's misappropriation of trade secrets claim can be reduced to an additional ground for breach of the contract.  Because the use of confidential information was a term of the contract, the misappropriation of trade secrets based on information received during the relationship governed by the contract "involv[es] a term" of the contract within the scope of the Arbitration Clause.  Further, following the test by the Fifth Circuit, because the relationship set forth in the contract gives rise to the claims, the claims are

Page 4

"so interwoven with the contract that [they can] not stand alone."

## IV.  DISMISSAL OF THE TRADE SECRET CLAIMS

Tyco argues that if the Court refers the trade secret claims to arbitration, the claims should be dismissed.  FCI disagrees and argues the FAA requires the Court to stay the claims.  The Court can either dismiss the claims or stay the claims at its discretion.  See Saturn Distrib. Corp. v. Paramount Saturn, Ltd., 326 F.3d 684, 686-87 (5th Cir. 2003) (discussing that the court may dismiss claims, rather than stay claims, when most or all of the claims in a suit are referred to arbitration.)  In the instant case, because the misappropriation of trade secret claims are only part of a larger lawsuit, the Court finds that staying the trade secret claims is more appropriate than dismissal.

## V.  CONCLUSION

The Court GRANTS IN PART FCI's motion to compel arbitration.  However, because the claims are merely a part of a larger law suit, and staying the claims is more appropriate than dismissing them, the Court DENIES the motion with respect to dismissing the claims.  All claims other than the misappropriation of trade secrets claim in the lawsuit may proceed. The alternative motion for a more definite statement of the misappropriation of trade secrets claim is DENIED as moot.

SIGNED this 14th day of July, 2006.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

Page 5