**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| FCI USA, INC. and FCI AMERICAS TECHNOLOGY, INC., | § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. 2-06-CV-4 (TJW) |
| | § | |
| TYCO ELECTRONICS CORPORATION, | § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs FCI USA, Inc. and FCI Americas Technology, Inc. (collectively "FCI") sued Tyco Electronics Corporation (hereinafter "Tyco") for allegedly infringing United States Patent Nos. 6,976,886 (the '886 patent), 6,988,982 (the '982 patent), and 6,944,569 (the '982 patent). FCI also asserts claims of unfair competition and trade secret misappropriation. Tyco moves this Court to transfer venue to the Middle District of Pennsylvania. After reviewing the parties' briefs and the applicable law, this Court DENIES Tyco's motion.

**I.   Background**

FCI USA, Inc. is a New York Corporation and FCI Americas Technology, Inc. is a Nevada Corporation. Both have their principle place of business in Pennsylvania. Tyco is a Pennsylvania Corporation with its principal place of business there. Tyco is a large corporation that does business throughout the world, and has offices located throughout Texas. Tyco has a license to do business in the State of Texas and has a registered agent for service of process in Texas.

The patents-in-suit involve high speed electrical connectors. FCI claims that Tyco's Z-PACK MAX connector infringes the three patents. Tyco sells the Z-PACK connectors through its catalog,

which is distributed throughout the world, including the Eastern District of Texas. Tyco also offers the Z-PACK MAX on its website.

## II.   Applicable Law

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the case could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, under section 1404(a), a court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which is given dispositive weight. *Id*.

The private factors include:

(1) the relative ease of access to sources of proof;

(2) the availability of the compulsory process to secure witnesses' attendance;

(3) the willing witnesses' cost of attendance; and

(4) all other practical problems that make the case's trial easy, expeditious, and inexpensive.

*Id*.

The public factors include:

(1) the administrative difficulties flowing from court congestion;

(2) the local interest in having local issues decided at home;

(3) the forum's familiarity with the governing law; and

(4) the avoidance of unnecessary conflict of law problems involving a foreign law's application.

*Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's choice of forum,

by itself, is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003); *Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F.Supp.2d 567, 571 (E.D.Tex.2004) (Folsom, J.). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to the plaintiff's claims. *In re Volkswagen*, 371 F.3d at 204. The Court will not consider the location of the parties' counsel as this factor is not relevant the question whether transfer is appropriate. *In re Volkswagen*, 371 F.3d at 204.

### III.     Venue in the Middle District of Pennsylvania

A patent infringement action may be brought in any judicial district "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant resides in a district where it is subject to personal jurisdiction. 28 U.S.C. § 1391©). Tyco is subject to personal jurisdiction in the Middle District of Pennsylvania and it is not disputed that venue would be proper there. As a result, the Court will examine the private and public interest factors.

### IV.     Application of the Transfer Factors

This case involves claims that Tyco sold or offered for sale the alleged infringing product. FCI further asserts claims of trade secret misappropriation.[1] After review of all the factors, the Court finds that the reasons to transfer the case do not outweigh the reasons to retain the case in the Eastern District of Texas. Therefore, the Court DENIES Tyco's motion.

The Private Factors

(1) *The plaintiff's forum choice*.

---

[1] The Court will not apply the transfer factors to FCI's trade secret misappropriation claims in light of the Court's recent decision to compel arbitration of those claims.

While the plaintiffs' forum choice is neither controlling nor determinative, it is a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d at 434. Although FCI and Tyco both reside in the Middle District of Pennsylvania, FCI chose to bring its suit in the Eastern District of Texas. Because the plaintiff's choice of forum is given significant consideration, this factor weighs against transfer.

(2) *The relative ease of access to sources of proof.*

Tyco argues that the evidence concerning the design and development of the accused Z PACK MAX is located at Tyco's facility in the Middle District of Pennsylvania. As such, Tyco contends that the burden associated with producing documentary evidence would be reduced by a transfer to Texas. This Court has previously stated that accessibility and location of sources of proof "are only of slight significance due to the increasing ease of storage, communication, copying, and transportation of documents and information and this Court's mandatory disclosure obligations under Local Rule CV-26 and the additional requirements in the case's Discovery Order." *Cummins-Allison Corp. v. Glory Ltd.*, No. 2:03-CV-358, 2004 WL 1635534, at *6 (E.D. Tex. May 26, 2004).

(3) *The availability of the compulsory process to secure witnesses' attendance.*

Tyco has not shown that there are any witnesses within the range of the subpoena power of the Middle District of Pennsylvania who would be unwilling to travel to the Eastern District of Texas for trial. Therefore, this factor is neutral as to transfer.

(4) *The willing witnesses' cost of attendance.*

Tyco has noted that its key witnesses are located in or around the Eastern District of Pennsylvania. The key witnesses, according to Tyco, are its employees that designed and developed the Z PACK MAX. This Court, however, has recognized that it is "non-party witnesses rather than employee witnesses that is the more important factor and accorded greater weight." Id. at *17.

Tyco, however, argues that it has **reason to believe** that some of the named inventors for the Z PACK MAX are no longer employees. This Court is not persuaded. There has been no showing who these witnesses are, or how they might be inconvenienced. This factor does not support a transfer.

(5) *All other practical problems that make the case's trial easy, expeditious, and inexpensive.*

Tyco argues that neither party will be prejudiced from delay because the case is in its early stages. Plaintiff disagrees and suggests that the this case would go to trial faster in the Eastern District of Texas than other jurisdictions. Neither party has sufficiently supported its arguments; therefore, this factor is neutral.

The Public Factors

(1) *The administrative difficulties flowing from court congestion.*

This factor, administrative difficulties flowing from court congestion, is similar to the last private interest factor. Again, neither party has sufficiently supported its argument with respect to this factor. It also is neutral.

(2) *The local interest in having local issues decided at home.*

Tyco argues that Texas does not have a local interest in the case because none of the accused products have been sold in the Eastern District of Texas, and none of the parties or witnesses are located here. This Court, however, has held that "[t]his District has an interest in enforcing United States patent laws in its jurisdiction, and potential acts of infringement also have an effect on the economy of the Eastern District of Texas." *Jacobs Chuck Manufacturing Co. v. Shandong Weida Machinery Co., Ltd.*, 2005 U.S. Dist. LEXIS 39079 at *11.

The defendant cites this Court's decision in *Cummins-Allison* to argue that this case should

be transferred to the Middle District of Pennsylvania because that is where the design happened, therefore, is the "center of the accused activity." *See Cummins-Allison*, 2004 U.S. Dist. LEXIS 13839 at *17. In *Cummins-Allison*, however, the Court found the alleged infringement had no "center" when the defendants were selling the accused product throughout the country. *Id.* Here, the plaintiffs allege the same thing. Tyco has sold the accused product in Texas, and offered the product for sale in Texas. It is undisputed that an offer for sale is an act of infringement, regardless of whether the product was actually sold. 35 U.S.C. § 271 ("whoever without authority makes, uses, ***offers to sell***, or sells any patented invention . . . infringes the patent.") (emphasis added).

More to the point, Z PACK MAX connectors are targeted to computer manufacturers that sell and ship products all over the world, including the Eastern District of Texas. Tyco may reasonably expect that the Z PACK MAX will be sold into the Eastern District of Texas through the computer manufacturers it targets for the product. *See Jacobs Chuck Manufacturing Co. v. Shandong Weida Machinery Co., Ltd.*, 2005 U.S. Dist. LEXIS 39079 at *1-2 (recognizing that manufacturers who place products into the stream of commerce have a "reasonable expectation and/or knowledge that the actual or potential ultimate purchasers and users . . . are located in Texas . . ."). Further, the Court also observes that subsidiaries of Tyco International have previously availed themselves of the advantages of bringing suit in this foreign forum. *See, e.g., Sensormatic Electronics Corp. v. WG Security Prods. Inc.*, 2:04-CV-00167 (TJW).

Both the Middle District of Pennsylvania and the Eastern District of Texas have local interests in the issues. The Middle District of Pennsylvania's interest is however, greater. Therefore, this factor weighs in favor of transfer.

(3) *The forum's familiarity with the governing law*.

    This Court is familiar with the governing law. Thus, this factor is neutral.

(4) *The avoidance of unnecessary conflict of law problems involving foreign law's application.*

    This case does not present conflict of law issues. This is particularly true in light of the fact that the court has referred the trade secret claim to arbitration. This factor is therefore also neutral.

**V.**      **Conclusion**

    The Court concludes that it should not transfer this case after weighing all of the factors. Accordingly, the Court DENIES Tyco's motion.

    SIGNED this 24th day of July, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE